**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANCISCO DE LOS REYES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-24-CV-24-LS** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Francisco De Los Reyes challenges Respondent Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1.[1] Lumpkin answers—correctly—that De Los Reyes did not file his petition within the time limits established in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Resp't's Answer, ECF No. 15 at 5–11. And De Los Reyes fails to address the limitations issue in his reply. Pet'r's Reply, ECF No. 18. Accordingly, De Los Reyes' petition is dismissed with prejudice as time barred.

### BACKGROUND

De Los Reyes is a 69-year-old state prisoner at the Terrell Unit in Rosharon, Texas. *See* Tex. Dep't of Crim. J., https://inmate.tdcj.texas.gov/InmateSearch/search.action (Search for TDCJ No. 01878980) (last visited July 15, 2024). His parole eligibility date is October 31, 2027, and his projected release date is October 30, 2042. *Id*.

De Los Reyes was indicted on four counts of aggravated sexual assault on a child under 14

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

years old in cause number 20020D06479 in the 41st District Court of El Paso County, Texas. Clerk's R., Indictment, ECF No. 14-1 at 5–8. He pleaded guilty and was sentenced to 30 years' imprisonment. *Id*., J., ECF No. 14-1, at 28–29. He did not file a direct appeal. Pet'r's Pet., ECF No. 1 at 3. His state writ petition was denied without written order on the trial court's findings. Action Taken, ECF No. 14-7.

In his federal petition, De Los Reyes claims (1) he was not informed of the nature of the charges against him during the seven months he was held in a Mexican jail awaiting extradition; (2) his counsel failed to investigate the allegations against him; (3) although he was drunk and under the influence of marijuana at the time of the incidents which gave rise to the charges against him, his counsel failed to raise a diminished capacity defense; (4) his arrest and detention were unlawful and the allegations against him did not provide a proper basis for his extradition; (5) the paperwork for his extradition was not properly authenticated; (6) his counsel colluded with the prosecutor to get him to waive his right to a jury trial; (7) he is not the person named in the extradition paperwork; (8) he was under the influence of alcohol and drugs and did not remember anything the victim said about the incidents; (9) he was the victim of assault while in the Mexican jail; (10) his counsel failed to tell him of the potential immigration consequences of his conviction; and (11) his counsel told him to plead guilty to four felonies when he was guilty of only one of the offenses. Pet'r's Pet., ECF No. 1 at 6–21. He prays for "the relief to which he may be entitled." *Id*. at 10. He also claimed an entitlement to equitable tolling because an immigration detainer provided the extraordinary circumstances for his delay in filing his federal petition. *Id*. at 9.

### STANDARD OF REVIEW

The AEDPA provides that claims filed under § 2254 are subject to a one-year statute of

limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court … and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D). The limitations period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The petitioner has the burden of proving an entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### ANALYSIS

As an initial matter, De Los Reyes' petition does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Pet'r's Pet., ECF No. 1 at 6–21; *see* 28 U.S.C. § 2244(d)(1)(C). His claims are not newly discovered because they arise from events which occurred before he pleaded guilty. Pet'r's Pet., ECF No. 1 at 6–21; s*ee* 28 U.S.C. § 2244(d)(1)(D).

De Los Reyes is a Mexican national. He suggests an immigration detainer provided an impediment to his timely filing a federal petition. Pet'r's Pet., ECF No. 1 at 9; *see* 28 U.S.C. § 2244(d)(1)(B). But the Attorney General has the statutory authority to "take into custody any alien who … is deportable by reason of having committed" an aggravated felony. 8 U.S.C. § 1226(c)(1). And the Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Furthermore, an immigration detainer is nothing more than "a written request to state or local officials, asking them (1) to notify the Department of Homeland Security (DHS) as soon as practicable before an alien is released and (2) to maintain custody of the alien for up to 48 hours beyond the preexisting release date so that DHS may assume custody." *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 174 (5th Cir. 2018). Indeed, an immigration detainer merely "informs prison officials that a person is subject to deportation" and asks them to give immigration officials "notice of the person's death, impending release, or transfer to another institution." *Giddings v. Chandler*, 979 F.2d 1104, 1105 n. 3 (5th Cir. 1992). Consequently, De Los Reyes cannot show the immigration detainer either violated the Constitution and laws of the United States—or could have somehow delayed his filing of a federal petition. 28 U.S.C. § 2244(d)(1)(B).

Finally, De Los Reyes clearly did not file his federal petition within one year after his conviction became final. 28 U.S.C. § 2244(d)(1)(A). He was sentenced on July 22, 2013. Clerk's R., ECF No. 14-1 at 28. Because he did not appeal, his judgment became final thirty days later on August 21, 2013. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Consequently, he had one year—or until August 21, 2014—to file a federal petition. 28 U.S.C. § 2244(d)(1)(A). He constructively filed his petition on December 28, 2023—the day he signed and presumably placed

4

it in the prison mail system. Pet'r's Pet., ECF No. 1 at 10; *see United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) ("a *pro se* motion is deemed filed at the time it is delivered to prison officials") (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). So, De Los Reyes exceeded the one-year limitations period by a total of nine years, four months, and seven days.

The limitations period may be tolled by statute when "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). But De Los Reyes submitted his state writ application challenging his conviction on February 24, 2015—after the limitations period had already expired on August 21, 2014. Clerk's R., ECF No. 14-1 at 46. As a result, his state writ application did not statutorily toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

De Los Reyes imagines he is entitled to equitable tolling based on the immigration detainer. Pet'r's Pet. ECF No. 1 at 9. He speculates the detainer may result in some "future immigration proceeding." *Id.* He maintains the detainer provides the extraordinary circumstances for his past delay in filing his federal petition. *Id*. He adds he "may" need to appeal the results of the future immigration proceedings in a separate petition for a writ of habeas corpus. *Id.* Notably, he fails to explain how the detainer and potential future proceedings caused the substantial delay in filing his petition.

Equitable tolling is justified only "'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Additionally, "'[e]quity is not intended

for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

De Los Reyes submitted his state writ application challenging his conviction six months after the limitations period expired. Clerk's R., ECF No. 14-1 at 46. He signed his federal petition over nine years later. Pet'r's Pet., ECF No. 1 at 10. He does not claim he was actively misled by the Government. His concern about potential proceedings does not justify his past delay. Consequently, because he failed to meet his burden of showing that he acted diligently while pursuing habeas relief, he is not entitled to equitable tolling.

### CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Id*.

6

The Court will not issue a certificate of appealability because reasonable jurists could not debate the Court's reasoning for dismissing De Los Reyes' claims as untimely. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

### CONCLUSIONS AND ORDERS

The Court concludes that De Los Reyes' claims are time barred and that he is not entitled to equitable tolling. The Court further concludes that De Los Reyes is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that De Los Reyes' "Petition for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that De Los Reyes is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this 17th day of July 2024.

 

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**